# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Rosetta Davis,

          Plaintiff,        Case No. 18-13901

v.                                       Judith E. Levy
                                            United States District Judge
Wal-Mart Stores East, LP,
                                            Mag. Judge Elizabeth A. Stafford
          Defendant.

_____/

# OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [17]

Before the Court is Defendant Wal-Mart Stores East, LP's motion for partial summary judgment. (ECF No. 17.) Plaintiff Rosetta Davis brought this case against Defendant alleging premises liability negligence and nuisance. (ECF No. 1.) For the reasons set forth below, Defendant's motion for summary judgment as to premises liability negligence is granted. Plaintiff's nuisance claim is also addressed below.

## I. Background

On August 7, 2017, Plaintiff was shopping at Defendant's store. (ECF No. 22, PageID.220.) While pushing a full-size shopping cart, she

turned a corner, took a few steps and then stepped on a hanger, which caused her to slip and fall. (*Id.*) Plaintiff alleges that she sustained injuries caused by the fall. Additionally, she underwent back surgery in February 2018, and suffered from a post-surgical infection, which Plaintiff alleges also stemmed from the incident at Defendant's store. (ECF No. 17-1, PageID.125–126.)

Plaintiff testified that she went shopping at Defendant's store and had a few items in her shopping cart before she entered the women's clothing section. (ECF No. 17-1, PageID.117.) Next, she looked right, made a right turn, took about three steps, stepped on a hanger, and fell. (ECF No.17-1, PageID.131.) Plaintiff testified that, before she made the right turn, she looked to make sure her pathway was clear; she stated, "[i]t was very clear down that way." (ECF No.17-1, PageID.132.)

Plaintiff testified that she did not see the hanger before stepping on it. (ECF No. 17-1, PageID.119.) But after she fell, she looked for what caused her fall and saw the hanger on the floor. (*Id.*) When asked if anything was obstructing her view of the hanger on the floor before she fell, she answered, "[n]o." (*Id.*) She also confirmed that the hanger on the floor was not hidden in any way. (*Id.* at PageID.120.) Plaintiff testified

2

that the reason she did not see the hanger before stepping on it was, "because I had stuff right there in my buggy. I mean, well, I had stuff in the top part of my buggy and I'm just browsing and looking where I've got to go, this way of course, and just went over the—over it." (ECF No.17-1, PageID.131.)

Plaintiff admitted that she was not looking where she was stepping, and that she would have seen the hanger if she had been:

> Q: And you referenced earlier that you were—at the time of your fall you were looking up and scanning the clothes; is that correct?
> A. Not looking up, I was just—I wasn't looking. As I turned this corner I was looking toward that way. I wasn't looking at the clothes, I was browsing coming, and as I went to turn that's when I went down, after that.
> Q. Okay. If you had been looking at the floor you would have seen the hanger, correct?
> A. Oh, yes, definitely. And I would—yeah.

(ECF No. 17-1, PageID.134.)

Plaintiff's attorney then questioned her:

> Q. Did I just hear you say that had you been looking down before you fell, you would have seen the hanger?
> A. No. He asked—
> Mr. King: objection, asked and answered.
> The Witness: He asked me that. He said, "as you were looking up," I said, "No. I wasn't looking up. I'm just

3

> looking forward to go this way to-to -to drive and push the buggy." I did not say anything about none of that right there, so—.

(ECF No. 17-1, PageID.134–135.) She then testified on re-direct that she could not see anything on the floor because she had items in the cart that blocked her view of the floor. (ECF No. 17-1, PageID.135.)

After her fall, Plaintiff used her phone to take a picture of the scene. (ECF No.17-1, PageID.122.) The picture she took shows a cream-colored hanger on a brown floor. (ECF No. 17-2, PageID.156.)

## II. Legal Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

## III. Applicable Law

Michigan law applies in this diversity case. To prevail on a premises liability negligence action under Michigan law, Plaintiff must prove the following elements: (1) the Defendant owed a duty; (2) the Defendant breached that duty; (3) an injury proximately resulted from that breach; and (4) the Plaintiff suffered damages. *Benton v. Dart Properties, Inc.*, 270 Mich. App. 437, 440 (2006); *Taylor v. Laban*, 241 Mich. App. 449, 452 (2000). "[T]he existence of a legal duty is a question of law for the court to decide." *Anderson v. Wiegand*, 223 Mich. App. 549, 554 (1997). "Unless the defendant owed a duty to the plaintiff, the analysis cannot proceed further." *Bell & Hudson, PC v. Buhl Realty Co.*, 185 Mich. App. 714, 717 (1990).

The duty element "does not generally encompass removal of open and obvious dangers." *Lugo v. Ameritech Corp. Inc.*, 464 Mich. 512, 516 (2001). *Mann v. Shusteric Enters., Inc.*, 470 Mich. 320, 328 (2004); *Joyce v. Rubin*, 249 Mich. App. 231, 238 (2002). The "open and obvious" standard is objective; it does not matter how a particular plaintiff encounters the specific condition, but rather, the question is whether "an average user with ordinary intelligence would have been able to discover

the danger and risk presented upon casual inspection." *Slaughter v. Blarney Castle Oil Co.*, 281 Mich. App. 474, 478 (2008); *and see Mann v. Shusteric Enters., Inc.*, 470 Mich. 320, 328 (2004); *Joyce v. Rubin*, 249 Mich. App. 231, 238 (2002).

IV. **Analysis**

Summary judgment is granted in favor of Defendant under the application of the open and obvious doctrine. As set forth below, Plaintiff's testimony that she "definitely" would have seen the hanger if she was looking at the floor is an admission that the risk the hanger presented was open and obvious, and this is dispositive under Michigan law. Also, as set forth below, the cream-colored hanger on a brown wood-colored floor was an open and obvious condition that Plaintiff objectively would have noticed if she had been paying attention. Finally, as set forth below, Plaintiff's arguments that hangers are "all over" the floor at Defendant's store and that she had items in her cart that blocked her view of the floor are not sufficient to overcome summary judgment in this case.

Plaintiff's testimony confirming that she "definitely" would have noticed the hanger if she had looked is dispositive under Michigan law.

6

In *Kennedy v. Great Atl. & Pac. Tea Co.*, 274 Mich. App. 710 (2007), the plaintiff was shopping in the defendant's grocery store, slipped on crushed grapes or grape residue on the floor, and fell. *Id.* at 712. The plaintiff testified in his deposition that he would have noticed the grapes on the floor before he fell if he had been paying attention and that he saw the grapes after he slipped and fell. *Id.* at 713–14. The Sixth Circuit upheld the district court's award of summary judgment to the defendant under the open and obvious doctrine. The dispositive issue was the plaintiff's deposition testimony that he would have noticed the grapes if he had been looking at the floor. *Id.* at 714. When the plaintiff later argued that he did not mean what he said in his deposition testimony, the Sixth Circuit rejected this argument, stating, "[i]t is well settled that a party may not create an issue of material fact merely by contradicting his or her own deposition testimony." *Id.* at 714. Similarly here, as set forth above, Plaintiff testified that nothing was obstructing her view of the hanger on the floor, and that she would have seen it if she had looked.

This case is also similar to *Millikin v. Walton Manor Mobile Home Park, Inc.*, 234 Mich. App. 490 (1999), where the plaintiff tripped on a wire that the defendant landlord placed outside of her mobile home. The

7

wire was strung with visual "donuts" to increase its visibility. *Id.* at 492. In her deposition, the plaintiff testified that she did not see the wire because she was looking elsewhere, but admitted that, "if I was looking for it I would have seen it." *Id.* The court dismissed the case under the open and obvious doctrine and based its decision on both the plaintiff's deposition testimony and on its own review of photographs of the wire in its surroundings. *Id.* at 497–498.

Similarly here, Plaintiff testified that she would have "definitely" noticed the hanger on the floor if she had looked. The photograph Plaintiff took of the hanger on the floor after her fall shows a cream-colored hanger on a brown floor. As in *Milliken*, this photograph shows that the color contrast was obvious, and that an average person of ordinary intelligence would have been able to discover the hanger upon casual inspection. *See Mann*, 470 Mich. at 328; *Joyce*, 249 Mich. App. at 238.

Plaintiff argues that there were hangers "all over the floor" of Defendant's store. (ECF No. 22, PageID.222.) Specifically, Plaintiff argues that her attorney sent people to the store on two separate occasions to observe conditions of Defendant's store and both times they saw hangers "all over" the floor. (ECF No. 22-2, PageID.233–234.) Even

8

if the Court were to consider this testimony as evidence, which is not established, it supports Defendant's position. If hangers are "all over the floor," and it is noticeable upon entry to the store, this lends support to the argument that the condition was open and obvious. Accordingly, Plaintiff has not established that this testimony can create a genuine dispute as to a material fact.

Plaintiff next argues that there was no way she could have seen the hanger on the floor because the products in her cart blocked her view. (*Id*.) She also argues that "no one" pushes a cart while looking straight down at the floor in between their body and the cart handles. (*Id*.) These arguments are also insufficient as a matter of law, as the open and obvious doctrine is objective, and not specific to Plaintiff. *See Slaughter*, 281 Mich. App. at 478. Moreover, their argument contradicts Plaintiff's own testimony that she was not pushing her cart straight ahead such that her view of the floor would be blocked by the cart in front of her. Rather, as set forth above, Plaintiff testified that she looked to the right, then turned her cart right, and took three steps before stepping on the hanger. Specifically, when asked if she looked before turning, she answered, "[y]es. It was very clear down that way." (ECF No.17-1,

9

PageID.132.) She also testified that the hanger was not hidden in any way, (ECF No. 17-1, PageID.120) and that although she "wasn't looking," she "definitely" would have seen the hanger if she had looked. (ECF No. 17-1, PageID.134.) Accordingly, her argument that the products in her cart blocked her view of the hanger that was to her right—not directly in front of her—and that people never look down to see the space between the handles of the cart and their body is not sufficient to create a genuine dispute as to any material fact.

Finally, Plaintiff argues that her testimony that she "definitely" would have seen the hanger if she had looked was taken out of context. After a careful review of the entire deposition transcript, the Court is not persuaded by this argument. There is no point in the deposition where Plaintiff retracted or clarified her own testimony. Her testimony was consistent that she did not notice the hanger but would have if she had looked.

As a matter of law, viewing the facts in the light most favorable to Plaintiff are insufficient to create a material question of fact with respect to her premises liability negligence claim. Accordingly, Defendant's partial motion for summary judgment is granted.

## V. Nuisance

Plaintiff brought two claims in her complaint: premises liability negligence and nuisance. Defendant's motion for summary judgment does not address the nuisance claim. Federal Rule of Civil Procedure 56(f) permits the Court to grant summary judgment to a nonmovant "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). Defendant may be entitled to summary judgment on this count as well because the "material facts. . . may not genuinely be in dispute." Fed. R. Civ. P. 56(f)(3).

However, before granting summary judgment in favor of Defendant on the nuisance claim, Plaintiff may submit a brief, not to exceed ten pages, regarding whether there exists a genuine dispute as to any material fact that would preclude summary judgment in favor of Defendant on this claim. Defendant may have ten pages to respond. No reply will be permitted.

## VI. Conclusion

For the reasons set forth above, the Court GRANTS Defendant's motion for partial summary judgment as to premises liability negligence; (ECF No. 17)

Plaintiff may submit a brief as set forth above no later than Friday December 13, 2019; and

Defendant may respond as set forth above no later than Friday December 20, 2019.

IT IS SO ORDERED.

Dated: December 4, 2019      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 4, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

    s/William Barkholz
    Case Manager