# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Rosetta Davis,

                Plaintiff,        Case No. 18-13901

v.                                Judith E. Levy
                                 United States District Judge
Wal-Mart Stores East, LP,

                                 Mag. Judge Elizabeth A. Stafford
                Defendant.

_____/

## **OPINION AND ORDER DISMISSING CASE WITH PREJUDICE**

Plaintiff Rosetta Davis brought this case against Defendant Wal-Mart Stores East, LP, alleging premises liability negligence and nuisance. (ECF No. 1.) The Court granted Defendant's motion for summary judgment as to Plaintiff's premises liability negligence claim. (ECF No. 24.) The Court notified the parties that Defendant may be entitled to summary judgment on the nuisance claim also, but before making this decision, the Court permitted Plaintiff to submit a brief by Friday December 13, 2019. (*Id.*) Plaintiff did not file a brief by the deadline, and still has not contacted the Court or otherwise indicated she intends to address her nuisance claim.

For the reasons set forth below, the Court dismisses Plaintiff's nuisance claim with prejudice under Federal Rule of Civil Procedure 56(f).

## I. Background

The factual background is set forth in the opinion and order granting Defendant's motion for partial summary judgment and is adopted here. (ECF No. 24.)

## II. Legal Standard

Federal Rule of Civil Procedure 56(f) provides that tthe Court may, after giving notice and a reasonable time to respond, "(1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not genuinely be in dispute."

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any

inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

### III. Applicable Law

The Court gave notice to the Plaintiff that it appeared dismissal was warranted under Rule 56(f), and Plaintiff did not respond. The law in the Sixth Circuit is clear that when a plaintiff fails to address a claim on summary judgment, the plaintiff is deemed to have abandoned that claim. *See Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment); *Clark v. City of Dublin*, 178 F. App'x 522, 524–25 (6th Cir. 2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim);. Accordingly, Plaintiff is deemed to have abandoned her claim for nuisance.

Despite this, the Court has undertaken an independent inquiry into the merits of Plaintiff's claim, and concludes dismissal is warranted.

3

Michigan law applies in this diversity case. *Conner v. Hardee's Food Sys.*, 65 F. App'x 19, 22 (6th Cir. 2003) Michigan recognizes two types of nuisance claims: public nuisance and private nuisance. *Adkins v. Thomas Solvent, Co.*, 440 Mich. 293, 302 (1992). Plaintiff's case does not align with either type.

"A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Id.* at 303. Plaintiff does not allege that Defendant interfered with the use or enjoyment of her land, so she cannot maintain a claim for private nuisance. *See Marble v. Dobson*, No. 20435, 1998 WL 1989918, at *1 n.1 (Mich. Ct. App. Sept. 18, 1998) (explaining that a plaintiff who stepped into a pothole in a driveway located at an apartment complex owned by the defendant "clearly" had "no cause of action for a private nuisance" because "no land owned by plaintiff [was] involved" in his claim).

"A public nuisance involves the unreasonable interference with a right common to all members of the general public." *Sholberg v. Truman*, 496 Mich. 1, 6 (2014) (quoting *Adkins*, 440 Mich. at 304 n.8). The term "unreasonable interference" includes conduct that: "(1) significantly interferes with the public's health, safety, peace, comfort, or convenience,

4

(2) is proscribed by law, or (3) is known or should have been known by the actor to be of a continuing nature that produces a permanent or long-lasting, significant effect on these rights." *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 213 Mich. App. 186, 190 (1995).

A private citizen may maintain an action for a public nuisance "where the individual can show he suffered a type of harm different from that of the general public." *Adkins*, 440 Mich. at 306 n.11. The categories of harm that the Michigan Supreme Court recognizes as a public nuisance are those that "harm the public health," "create an interference in the use of a way of travel," or "prevent the public from the peaceful use of their land and the public streets."[1] *See Garfield Twp. v. Young*, 348 Mich. 337, 342 (1957).

When construing Plaintiff's claim in the light most favorable to her, it appears that Plaintiff's case alleges a nuisance to public health, since she does not make any allegations regarding interference with travel or preventing the peaceful use of land. The types of individual claims that

---

[1] Nuisance has been divided into further subclasses: intentional nuisance, negligent nuisance, nuisance *per se*, and nuisance in fact. *See Dahl v. Glover*, 344 Mich. 639, 644 (1956). But those subcategories need not be addressed here, as Plaintiff's case does not fall into the either of the two overall types of nuisance for the reasons set forth in this opinion and order.

have been recognized in the public health category typically involve disposal or release of hazardous substances or chemicals that present a threat to public health. *See, e.g., Organic Chemical Site PRP Grp. v. Total Petroleum, Inc.*, 58 F. Supp. 2d 755, 765 (W.D. Mich. 1999) (release of hazardous chemicals could pose sufficient threat to public health to constitute public nuisance); *Adkins*, 440 Mich. 293, 304 (improper handling and storage of toxic chemicals and hazardous waste contaminating the groundwater); *Norton Shores v. Carr*, 81 Mich. App. 715, 723 (Mich. Ct. App. 1978) (business operation that caused black dirt dust to blow off of property constituted public nuisance).

In her complaint, Plaintiff argues that the hanger on the floor of Defendant's store, which caused her to slip and fall after stepping on it, was a "serious and dangerous condition" that Defendant created "without regard for the safety of others and/or their property, thus constituting a nuisance." (ECF No. 1-2 at PageID.15.) In her opposition to Defendant's motion for partial summary judgment, Plaintiff argues that there were hangers "all over the floor" of Defendant's store. (ECF No. 22, PageID.222.) She argued that her attorney sent people to the store on two separate occasions to observe conditions of Defendant's

store, and both times there were hangers "all over" the floor. (ECF No. 22-2, PageID.233–234.) Additionally, Plaintiff testified that she "definitely" would have noticed the cream colored hanger on the floor of Defendant's store if she had looked. (ECF No. 17-1, PageID.134.)

The hanger on the floor of Defendant's store does not rise to the threshold of the type of harm to public health required for maintaining a public nuisance claim. Plaintiff has not established that there was a harm to the greater public health when she slipped and fell. The hanger on the floor also is not the type of condition that presents a "significant," threat, which is required by Michigan law. *Cloverleaf Car Co.*, 213 Mich. App. at 190.

Similarly, *Fagan v. Speedway, LLC*, No. 15-10211, 2016 WL 2957929, at *4–5 (E.D. Mich. May 23, 2015) (Leitman, J.) the plaintiff brought a claim after she suffered a foot injury after falling in a crack in defendant's parking lot. There, the court similarly held that the crack did not "significantly threaten the greater public health." *Id.* at *5 (emphasis in original). Nor did the conditions described in her claim rise to the degree of harm required for nuisance. *Id.* The court therefore dismissed

the plaintiff's nuisance claim. Similarly here, Plaintiff's claim is dismissed.

## IV. Conclusion

For the reasons set forth above, summary judgment on Plaintiff's public nuisance claim is granted for Defendant and the case is dismissed with prejudice.

IT IS SO ORDERED.

Dated: December 19, 2019      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
                                      United States District Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, December 19, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                 s/William Barkholz
                                 Case Manager